**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-60523
Summary Calendar
_____

DIANA OSPINA-FLORES,

Petitioner,

VERSUS

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(A74 298 326)

_____

January 31, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

While living in Columbia in 1990, Diana Ospina-Flores, a native and citizen of Columbia was questioned about her boyfriend's activities on three occasions by a group of unidentified men dressed in black jeans and gray tee shirts. During the last

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

encounter, Ospina-Flores received a non-fatal gunshot wound to her stomach. In 1991, Ospina-Flores entered the United States without inspection. Although Ospina-Flores applied for asylum, an immigration judge denied her application for asylum and withholding of deportation upon a finding that she failed to satisfy her burden of proof in establishing that either her shooting or her fear of future harm was sufficiently related to a statutorily protected ground. The Board of Immigration Appeals (hereinafter "BIA") adopted the immigration judge's decision and Ospina-Flores now challenges the BIA's decision. The BIA's determination that Ospina-Flores was not eligible for asylum must be upheld if supported by reasonable, substantial and probative evidence on the record considered as a whole and can be reversed only if the evidence presented by Ospina-Flores was such that a reasonable finder of fact would be compelled to conclude that the requisite fear of persecution existed. *See INS v. Elias-Zacarias,* 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992) (internal quotations and citations omitted).

The Attorney General may grant asylum to an alien who is a refugee. 8 U.S.C.A. § 1158(b)(1) (West 1999). The term alien is defined as "any person not a citizen or national of the United States." 8 U.S.C.A. § 1101(a)(3) (West 1999). An alien is a refugee when he or she "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection

2

of, that country because of persecution or a well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(b)(42) (West 1999).

"The level of proof required to satisfy the requirements for withholding of deportation is more stringent than for asylum purposes." *Mikhael v. INS*, 115 F.3d 299, 306 (5th Cir. 1997) (citations omitted). To avoid deportation, "an alien must establish a clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 413, 104 S. Ct. 2489, 2492, 81 L. Ed. 2d 321 (1984). Thus, where an alien fails to satisfy the requirements for asylum, he or she will also have failed to satisfy the requirements for withholding of deportation.

Ospina-Flores maintains that while in Columbia, she suffered persecution on account of her membership in a particular social group and imputed political opinion and that she has a well-founded fear of future persecution if deported. Based upon these two protected grounds, Ospina-Flores argues that she is entitled to a grant of asylum and withholding of deportation. We disagree.

Although membership in a particular social group and political opinion are statutorily protected grounds upon which a grant of asylum may be based, Ospina-Flores has failed to establish past persecution or a well founded fear of persecution on account of a statutorily protected ground. The record does not reflect that

Ospina-Flores has espoused any particular political opinion or held a membership in any particular social group. Furthermore, Ospina-Flores did not know the men who questioned and shot her or anything about them other than how they were dressed. Rather, Ospina-Flores simply "presumed that they were members of some guerilla band or some organization or something." (R. at 66.)

Ospina-Flores's terrible experiences may amount to persecution, but are insufficient to satisfy the requirements for asylum or withholding of deportation as the record does not reflect that Ospina-Flores was persecuted or will suffer future persecution on account of her political opinion, group membership or any other statutorily protected ground. Accordingly, we affirm the decision of the BIA.

AFFIRMED.